IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIA IRONEYES AUGUSTSON, individually and
on behalf of all others similarly situated,

        Plaintiffs,

v.                                                                                      No. 1:22-cv-00976-LF

REALPAGE, INC.,
GREYSTAR WORLDWIDE, LLC,
FPI MANAGEMENT,
NORTHLAND INVESTMENT CORPORATION,
RPM LIVING,
MONARCH INVESTMENT AND MANAGEMENT GROUP,
NALS APARTMENT HOMES, and
LANDMARK REALTY,

        Defendants.

## **MEMORANDUM OPINION AND ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff Mia IronEyes Augustson's ("Plaintiff") Class Action Complaint for a Civil Action, Doc. 1, filed December 27, 2022 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed December 27, 2022.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,

> if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Plaintiff did not sign the "Affidavit in Support of the Application" on page 1 of Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. The Court orders Plaintiff to either: (i) sign the Affidavit in Support of her Application; or (ii) show cause why the Court should not strike the Application for failure to sign the Affidavit in Support. *See* Fed. R. Civ. P. 11(a) ("Every ... paper must be signed ... by a party personally if the party is unrepresented ... The court must strike an unsigned paper unless the omission is promptly corrected after being called to the ... party's attention").

**The Complaint**

Plaintiff alleges that Defendant RealPage provides software and services to the multifamily housing industry and the other Defendants are multifamily housing Lessor corporations which control millions of apartment housing units nationwide. *See* Complaint at 4-5. Defendant RealPage allegedly suggests rental values to its client Lessors and pressures Lessors to accept the suggested values unaltered resulting in an increase of rental rates. *See* Complaint at 5. Plaintiff alleges that from 2020 to 2021 her rent increased $200 per month and in late 2022 she "lost the apartment anyway, to 'renovation' which is another strategy endorsed by RealPage and commonly

2

used by Lessors to force a unit turnover when nonpayment of rent cannot be cited as a cause." Complaint at 6.  Plaintiff alleges that in "letters to the Justice Department and the Federal Trade Commission," "RealPage and its clients are accused of acting in collusion, using inside information in the manner of a cartel, in violation of antitrust law."  Complaint at 6.

**Asserting Claims on Behalf of Others**

Plaintiff filed her "Class Action Complaint" on "behalf of others similarly situated." Complaint at 1.  Plaintiff is not a licensed attorney authorized to practice in this Court.  The claims Plaintiff is asserting on behalf of others similarly situated should be dismissed because "[a] litigant may bring [her] own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).  The Court orders Plaintiff to show cause why the Court should not dismiss the claims Plaintiff is asserting on behalf of others similarly situated.

**Jurisdiction**

Plaintiff asserts the Court has federal question jurisdiction because "[t]he specific provisions of federal law that apply are Section 1 of the Sherman Antitrust Act (15 U.S.C. § 1), and Sections 4 and 16 of the Clayton Antitrust Act (15 U.S.C. §§ 15 and 26)."  Complaint at 4. Section 1 states: "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal."   15 U.S.C. § 1 (stating a violation of Section 1 is a felony and setting forth the monetary and imprisonment penalties).  Section 15 states "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States **in the district in which the defendant resides or is found or has an**

**agent,** without respect to the amount in controversy ..."). 15 U.S.C. § 15 (emphasis added). Section 26 states:

> Any person, firm, corporation, or association shall be entitled to sue for and have injunctive relief, **in any court of the United States having jurisdiction over the parties**, against threatened loss or damage by a violation of the antitrust laws, including sections 13, 14, 18, and 19 of this title, when and under the same conditions and principles as injunctive relief against threatened conduct that will cause loss or damage is granted by courts of equity, under the rules governing such proceedings, and upon the execution of proper bond against damages for an injunction improvidently granted and a showing that the danger of irreparable loss or damage is immediate, a preliminary injunction may issue.

15 U.S.C. § 26 (emphasis added).

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir.1988).

It appears that the Court does not have jurisdiction over Plaintiff's claims for monetary damages and injunctive relief. The Complaint does not contain any factual allegations that Defendants reside, are found or have an agent in the District of New Mexico or that the Court has jurisdiction over Defendants. The Court orders Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). If Plaintiff asserts the Court has jurisdiction, Plaintiff must file an amended complaint containing factual allegations supporting jurisdiction.

**Failure to State a Claim**

The Complaint fails to state a claim against each Defendant.  "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The Complaint contains conclusory allegations Defendants colluded to raise rental rates but does not contain factual allegations describing what each Defendant did to Plaintiff, when they did it and how each Defendant harmed Plaintiff.  A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Claims that are "supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

The Court orders Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim.  If Plaintiff asserts that the Court should not dismiss this case, Plaintiff must file an amended complaint containing factual allegations that state a claim upon which relief can be granted.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)   Plaintiff shall, within 21 days of entry of this Order, either: (i) sign the Affidavit in Support of her Application; or (ii) show cause why the Court should not strike the Application for failure to sign the Affidavit in Support. Failure to timely sign the Affidavit or show cause may result in the Court striking Plaintiff's Application to Proceed in District Court Without Prepayment of Fees and Costs.

(ii) Plaintiff shall, within 21 days of entry of this Order, show cause why the Court should not dismiss Plaintiff's claims for the reasons stated above. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
Laura Fashing
UNITED STATES MAGISTRATE JUDGE